UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMES H. HIGGASON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:98-CV-105 RM |
| | ) | |
| CAPT. HOWARD MORTON, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Plaintiff James Higgason obtained a judgment in this case against Gabrial Tinoco, Brian Thompson, and Mike Lunn, Indiana Department of Correction officials not represented by the Indiana Attorney General. This matter is before the court on Mr. Higgason's writ of execution pursuant to Fed. R. Civ. P. 69.

Mr. Higgason asks the court to order the Governor of Indiana to make a determination as to whether it is in the best interest of the government entity to pay the judgment against these defendants. Mr. Higgason notes that under Indiana law, the payment of such a judgment against state employees is voluntary, with the governor having the discretion to authorize such payments. This court will not order the Governor to make such a determination because federal courts may not require state officials to conform their conduct to state law. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 106 (1984). Mr. Higgason should direct his request for payment to the appropriate state officials.

If the governor does not authorize the payment of this judgment, Mr. Higgason asks the court to set a hearing to determine the amount of money the defendants can afford to pay him on a monthly basis toward satisfying the judgment. None of the judgment

defendants entered an appearance in this case, or were represented by counsel, and there is no suggestion in the record that they have ever been notified of the judgment. Mr. Higgason has provided an address for Gabriel Tinoco and says he has been unable to ascertain the current addresses of the other defendants.

The court will grant the motion for execution against defendant Tinoco to the extent that it will direct the clerk to serve a copy of the judgment, dated May 31, 2001, to Gabriel Tinoco, 2250 Mayfair Drive, Indianapolis, Indiana 46260-4339, along with a copy of this order. Mr. Higgason may make a demand for payment against Mr. Tinoco. If Mr. Tinoco refuses to pay or does not respond, Mr. Higgason may take further steps to collect his judgment. The court advises Mr. Higgason that he is responsible for locating the defendants and providing the court with the information necessary to enforce the judgment. To attach a defendant's wages, the court must have the name and address of the defendant's employer. Without a garnishee defendant, the court cannot enter an order to garnish the employee's wages.

Mr. Higgason also notes that he wants to conduct discovery on the Indiana Department of Correction to determine the last known address of defendants Thompson and Lunn. On February 2, 2007, the court denied Mr. Higgason's motion to compel discovery against the Commissioner of the Indiana Department of Correction because he did not certify that he had served either the discovery requests or the motion to compel on either the official from whom he sought discovery or the Indiana Attorney General, who represents the Indiana Department of Correction and other defendants in this case. Mr. Higgason may attempt to conduct this discovery if he complies with the service requirements of Fed. R. Civ. P. 5(b) and 5(d).

Finally, Mr. Higgason notes that he wishes to have counsel appointed to represent him for the sole purpose of assisting him with the execution of this judgment. On August 30, 2006, the court denied Mr. Higgason's request for appointment of counsel because he had not demonstrated that he diligently tried to seek counsel on his own. Jackson v. County of McLean, 935 F.2d 1070, 1073 (7th Cir. 1992). If Mr. Higgason can show that he is unable to obtain counsel on his own, he may renew his motion for appointment of counsel.

For the forgoing reason, the court GRANTS the plaintiff's motion for execution (docket #252) to the extent that court DIRECTS the clerk to serve a copy of the judgment dated May 31, 2001, to Gabriel Tinoco, 2250 Mayfair Drive, Indianapolis, Indiana 46260-4339, along with a copy of this order.  The court DENIES the other requests contained in the motion for execution, with leave to the plaintiff to proceed in his attempts to collect his judgment, conduct discovery, and obtain appointment of counsel.

SO ORDERED.

ENTERED: April  2 , 2007

   /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court