UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMES H.HIGGASON, JR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Cause No. 3:98-CV-105 RM |
| | ) | |
| HOWARD MORTON, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

This case is before the court on James Higgason's motions for appointment of counsel. Mr. Higgason obtained a default judgment against several defendants, and now seeks counsel for the purpose of helping him collect on the judgment. He is currently confined at the Indiana State Prison with a projected release date on his burglary conviction of August 5, 2008.

There is no constitutional or statutory right to counsel in a civil case. Farmer v. Haas, 900 F.3d 319, 323 (7th Cir. 1993). Under 28 U.S.C. § 1915(d), a court may request an attorney to represent an indigent litigant, but has no authority to compel an attorney to do so. Mallard v. U.S. District Court, 490 U.S. 296 (1989). The decision to appoint counsel is within the sound discretion of district courts, Hossman v. Blunk, 784 F.2d 793, 797 (7th Cir. 1986), and counsel is not generally appointed "unless denial would result in fundamental unfairness, impinging on due process." LaClair v. United States, 374 F.2d 486, 489 (7th Cir. 1967). Courts "recruit lawyers for the parties only when the cases are colorable, the facts may be difficult to assemble, and the law is complex." DiAngelo v. Illinois Dep't of Public Aid, 891 F.2d 1260, 1262 (7th Cir. 1989). The court should reserve its power to appoint counsel to those cases

presenting "exceptional circumstances" as determined by an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.

Farmer v. Hass, 990 F.2d at 322 (quotation marks and citations omitted). Thus, a court may deny counsel in a relatively simple case in which a *pro se* litigant can adequately handle the discovery process and the trial. Lovelace v. Dall, 820 F.2d 223 (7th Cir. 1987). Although a good lawyer may do better than the average person, that isn't the test; otherwise, district courts "would be required to request counsel for every indigent litigant." Farmer v. Hass, 990 F.2d at 323.

Mr. Higgason has been unable to collect the judgment awarded to him. His submissions establish that he contacted several attorneys, including many of the attorneys this court routinely contacts about representing *pro se* litigants, but was unable to obtain counsel. Because the attorneys this court would be contacting to see if they would be willing to represent Mr. Higgason already have turned him down, it is unlikely that this court could find an attorney willing to represent Mr. Higgason even if the court granted his motions to appoint counsel. Accordingly, the court declines to exercise its discretion to appoint counsel in this matter.

For the foregoing reasons, the court DENIES the plaintiff's motions for appointment of counsel (Docket Nos. 263 and 265).

SO ORDERED.

ENTERED:   March 31, 2008

_____/s/ Robert L. Miller, Jr._____
Chief Judge
United States District Court

2