UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES H. HIGGASON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:98-CV-105-RLM |
| | ) |
| HOWARD MORTON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION and ORDER

In 1998, plaintiff James H. Higgason, Jr. filed a complaint naming nine defendants including Gabriel Tinoco and Mike Lunn, who were both once officers at the Indiana State Prison in Michigan City, Indiana. Mr. Higgason didn't know that they no longer worked at that prison when he had them served by certified mail at the prison. The clerk's office received a return of service indicating that someone in the prison mailroom accepted the mail. Neither Mr. Tinoco nor Mr. Lunn appeared or defended against the complaint. Later, at Mr. Higgason's request, the clerk entered a default against Messrs. Tinoco and Lunn and the court entered default judgment. This matter is now before the court on a motion to set aside judgment jointly filed by Mr. Tinoco and Mr. Lunn. Doc. No. 277. The officers assert that they were never properly served, so the court lacked personal jurisdiction over them, rendering the judgment void.

The parties agree on the pertinent facts. The U.S. Marshal Service tried to serve Officers Tinoco and Lunn on March 11, 1998 by certified mail sent to the Indiana State Prison in Michigan City, Indiana. At one point in time, both defendants were corrections officers at that prison, but the prison employed neither Mr. Lunn nor Mr. Tinoco in March 1998 when Mr. Higgason tried to serve process on them there (and this is undisputed). Nevertheless, someone in the prison mailroom signed for the certified mail on March 18, 1998 (as evidenced by the docketed return of process). Messrs. Tinoco and Lunn aver that they never received service.

Under Federal Civil Rule 60(b)(4), the court must relieve a party from a final judgment if the judgment is void for lack of personal jurisdiction. Philos Technologies, Inc. v. Philos & D, Inc., 645 F.3d 851, 854 (7th Cir. 2011). Valid service of process is necessary for a court to assert personal jurisdiction over a defendant. Mid-Continent Wood Prods., Inc. v. Harris, 936 F.2d 297, 301 (7th Cir. 1991).

Mr. Higgason argues that the signed return receipts constitute prima facie evidence of good service, O'Brien v. R.J. O'Brien & Associates, Inc., 998 F.2d at 1398, and that shifts the burden to Mr. Tinoco and Mr. Lunn to provide strong and convincing evidence that they didn't receive notice of the pending suit. The court needn't examine the burden-shifting argument too strenuously, because even if O'Brien requires this burden shifting, Messrs. Tinoco and Lunn's status as former (not current) employees at the time of service (and this fact is completely agreed on) is strong and convincing evidence that overcomes

the assumption of valid service. With this is in mind, the burden shifting analysis is no longer pertinent. The playing field is level and the analysis turns entirely on whether the court obtained personal jurisdiction over these defendants.

Federal Civil Rule 4(e) provides that federal courts will have personal jurisdiction over a defendant if (1) service is effected pursuant to the law of the state where the district court is located, (2) a summons is delivered to the defendant personally, (3) the summons is left at the defendant's usual abode with a person of suitable age and discretion, or (4) the summons is delivered to an authorized agent of the defendant. FED. R. CIV. P. 4(e). Mr. Higgason attempted service by certified mail, a method permitted under Indiana law, so validity of service turns on the relevant provisions of Indiana law. <u>Homer v. Jones-Bey</u>, 415 F.3d 748, 754 (7th Cir. 2005).

Indiana Trial Rule 4.1(A) authorizes service upon an individual by certified or registered mail, or other public means. That rule provides:

> **(A) In General.** Service may be made upon an individual, or an individual acting in a representative capacity by:
> (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipts of the letter[.]

Ind. Tr. R. 4.1(A)(1). The rule limits this method of service to the residence, place of business, or place of employment of the individual designated to receive process.

Mr. Higgason knew that both Messrs. Tinoco and Lunn previously worked at the Michigan City prison, so he thought he was serving them at their place of employment, as the rule requires. Nevertheless, the Michigan City prison was Mr. Tinoco's and Mr. Lunn's *former* place of employment, not their place of employment at the time of the service attempt. Nothing in Rule 4.1(A) indicates that service at a former place of employment is proper, and courts have said explicitly that service at a former residence isn't proper service. Norris v. Personal Finance, 957 N.E.2d 1002, 1009-1010 (Ind. Ct. App. 2011) (finding that service to the defendant's parent's address wasn't sufficient); Hill v. Ramey, 744 N.E.2d 509, 511 (Ind. Ct. App. 2001) (finding that service of process to a former residence isn't proper, even when the defendant's parents still lived there); Mills v. Coil, 647 N.E.2d 679, 681 (Ind. Ct. App. 1995) (finding service defective where plaintiff sent summons to defendant's former residence via certified mail, even though defendant's mother signed for the document).

Furthermore, service is only effective when it's actually on the individual or someone acting in a representative capacity for him. In LaPalme v. Romero, 621 N.E.2d 1102, 1104 (Ind. 1993), the Indiana Supreme Court considered whether a process server's hand-delivery of a summons to a truck driver's employer constituted proper service necessary to obtain personal jurisdiction.[1] Mr. LaPalme allegedly had caused an accident in Indiana while operating a

---

[1] Mr. LaPalme averred that Danaca Transport wasn't his employer at the time of service, but the trial court had rejected Mr. LaPalme's affidavit asserting that, so the Indiana Supreme Court based its decision not on that claim, but on the question of whether an employer (current or former) can accept service on behalf of an employee. LaPalme v. Romero, 621 N.E.2d at 1104.

truck as an employee of Danaca Transport. The process server delivered summonses for both Mr. LaPalme and Danaca Transport to the Danaca offices. The Indiana Supreme Court found that, while someone can be served by certified mail at his place of employment, his employer isn't a person with authority to accept service on his behalf. LaPalme v. Romero, 621 N.E.2d at 1106.

> The trial rules list those persons having the authority to accept service, such as the individual's agent, T.R. 4.1(A)(3); the Secretary of State, T.R. 4.10; an infant's next friend or guardian ad litem, T.R. 4.2; or with institutionalized individuals, the official in charge of the institution, T.R. 4.3. The employer is not on the list.

Id. This rule is pertinent to this case; if Messrs. Tinoco and Lunn were employed at the Michigan City prison at the time service was attempted, they could be personally served there by certified mail, according to the rule. But the prison mailroom employee isn't a person with authority to accept service on their behalves, particularly when they aren't currently employed there.

Mr. Higgason seeks to avail himself of the saving provision found in Indiana Trial Rule 4.15(F), which reads, "No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond." Id. While this statute cures technical defects in service, it doesn't work to cure a failure of service. LaPalme v. Romero, 621 N.E.2d at 1106; *see also* Homer v. Jones-Bey, 415 F.3d 748, 757 (7th Cir. 2005) ("[W]hile technical shortcomings in service may be excusable [under Trial Rule 4.15(F)] (especially

where the party to be served has actual notice of the lawsuit), a complete failure of service is not.").

Much like the facts here, in Robinson v. Turner, 886 F. Supp. 1451, 1458 (S.D. Ind. 1995), the plaintiff tried to serve process on a number of prison employees by certified mail, including four prison employees who no longer worked at the prison at the time defendant attempted service. The district court held that service of process wasn't accomplished under Indiana Trial Rules because those rules don't provide for service at a former place of employment, even though the plaintiff received receipts signed by the mailroom clerk at the prison. Id. The court found that the savings clause (Rule 4.15(F)) didn't work to cure the defective service to the former employer because the mailroom clerks lacked the authority to accept process on behalf of people who no longer worked there. Id.

Mr. Higgason also advances the argument that he couldn't have known that the service was faulty or that he couldn't have reasonably obtained service some other way. He makes several points to this end: Prison employees have an interest in maintaining their personal information confidentially and the United States Marshall's service handles service on them without informing the plaintiff of the details; other past prison employees sued along with Mr. Tinoco and Mr. Lunn apparently had their mail forwarded by the prison mailroom, Higgason v. Autterson, 49 Fed. Appx. 73, 75 (7th Cir. 2002); Mr. Higgason had sued these same defendants earlier and they had appeared in that suit, represented by the Indiana Attorney General; and, the return postcards gave

indication that the prison mail room accepted service properly and led Mr. Higgason to assume the defendants chose to default. The test for personal jurisdiction centers on obtaining good service, however, not on the good faith efforts of the plaintiff. Philos Technologies, Inc. v. Philos & D, Inc., 645 F.3d 851, 855 (7th Cir. 2011) ("A court has no discretion to deny a Rule 60(b)(4) motion to vacate a judgment entered against a defendant over whom the court lacks personal jurisdiction, regardless of the specific reason such jurisdiction is lacking.").

Mr. Higgason mailed the summonses to the Indiana State Prison where the defendants previously worked, but he never served Mr. Tinoco and Mr. Lunn under a valid method prescribed by the Indiana Trial Rule 4.1(A)(1) because Mr. Tinoco and Mr. Lunn weren't employed at the Indiana State Prison at the time of service. The deficiency in service wasn't technical in nature; it constituted a lack of service, so the savings clause doesn't help Mr. Higgason. LaPalme v. Romero, 621 N.E.2d at 1106. Mr. Higgason's attempted service at Messrs. Tinoco and Lunn's former place of employment "constituted a complete failure of service of process," not a "technical failure." *See* id. Therefore, the savings clause doesn't rescue Mr. Higgason's failed service attempts on Defendants. Because service wasn't effected, the court lacked personal jurisdiction over Mr. Tinoco and Mr. Lunn and they must be relieved of the previous judgment. Fed. R. Civ. P. 60(b)(4); *see also* Philos Technologies, Inc. v. Philos & D, Inc., 645 F.3d at 854.

The court GRANTS Mr. Tinoco and Mr. Lunn's joint Motion to Set Aside Default Judgment (Doc. No. 277). The default judgment entered against Defendant Mike Lunn and Defendant Gabriel Tinoco (Doc. No. 149) is VACATED.

SO ORDERED.

ENTERED:   July 26, 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court